# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF

In re: § 
 § 
LAPPIN, PETER J. § Case No. 10-56812
 § 
Debtor(s) § 

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on    . The undersigned trustee was appointed on          .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of              $

    Funds were disbursed in the following amounts:

    Payments made under an interim disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]          $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

      5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

      6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

      7. The Trustee's proposed distribution is attached as **Exhibit D**.

      8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

      The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____[2].

      Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/JOSEPH R. VOILAND_____
                                                  Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Case No:      10-56812    RG    Judge: MANUEL BARBOSA                       Trustee Name:                JOSEPH R. VOILAND
Case Name:    LAPPIN, PETER J.                                               Date Filed (f) or Converted (c):  12/27/10 (f)
                                                                             341(a) Meeting Date:          02/07/11
For Period Ending: 01/25/14                                                  Claims Bar Date:              03/29/13

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 4901 Gulf Shore Blvd. Naples, Florida | Unknown | 0.00 | DA | 0.00 | FA |
| 2. 2875 Gulf Shore Blvd. 507D Naples, Florida | 375,000.00 | 375,000.00 | DA | 0.00 | FA |
| 3. 450 E. Waterside, #3706, Chicago, IL | 300,000.00 | 0.00 | DA | 0.00 | FA |
| 4. Money Market Account USB Financial Serv. | 10.00 | 0.00 | DA | 0.00 | FA |
| 5. checking account - Chase Bank | 90.00 | 0.00 | DA | 0.00 | FA |
| 6. household goods | 3,000.00 | 0.00 | DA | 0.00 | FA |
| 7. Inherited 2 miniatures and 2 oils from parents | Unknown | 0.00 | | 0.00 | FA |
| 8. Miscellaneous decorator prints | 500.00 | 500.00 | | 166.00 | FA |
| 9. watches including one Rolex Watch | 1,000.00 | 0.00 | DA | 0.00 | FA |
| 10. 2 shot guns and golf clubs | 300.00 | 300.00 | | 100.00 | FA |
| 11. Term life insurance - $3 million and $1 million | 0.00 | 0.00 | DA | 0.00 | FA |
| 12. Automobile insurance/ household goods insurance | 0.00 | 0.00 | DA | 0.00 | FA |
| 13. Peter J. Lappin FB0 Jillian P. Lappin UBS Finan. | 1,065.00 | 0.00 | DA | 0.00 | FA |
| 14. 401K UBS Financial Services | 10,076.00 | 0.00 | DA | 0.00 | FA |
| 15. Peter J. Lappin IRA Rollover UBS Financial Serv. | 146,524.00 | 0.00 | DA | 0.00 | FA |
| 16. Peter J. Lappin IRA Rollover UBS Financial | 112,828.00 | 0.00 | DA | 0.00 | FA |
| 17. Peter J. Lappin Rollover UBS Financial Services | 20,531.00 | 0.00 | DA | 0.00 | FA |
| 18. 1400 West Main Street LLC (owns 1/3 interest) | Unknown | 0.00 | DA | 0.00 | FA |
| 19. Arvus Development Corp. (owns 1/2% interest) | Unknown | 0.00 | DA | 0.00 | FA |
| 20. Boulder Junction Property LLC owns 20% interest | Unknown | 0.00 | DA | 0.00 | FA |
| 21. Foxfield Commercen Center ILC (32.5% interest) | Unknown | 0.00 | DA | 0.00 | FA |
| 22. James Street LLC (owns 5% interest) | Unknown | 0.00 | DA | 0.00 | FA |
| 23. LK LLC (owns 50% interest) | Unknown | 0.00 | DA | 0.00 | FA |
| 24. Rt. 31 Land Acq. LLC (owns 33.33% interest) | Unknown | 0.00 | DA | 0.00 | FA |
| 25. State & Main St. LLC (owns 40% interest) | Unknown | 0.00 | DA | 0.00 | FA |
| 26. Swenson Avenue LLC (owns 50% interest) | Unknown | 0.00 | DA | 0.00 | FA |

LFORM1   UST Form 101-7-TFR (5/1/2011) *(Page: 3)*                                                                           Ver: 16.05c

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2
Exhibit A

| Case No: | 10-56812 | RG | Judge: MANUEL BARBOSA | Trustee Name: | JOSEPH R. VOILAND |
|---|---|---|---|---|---|
| Case Name: | LAPPIN, PETER J. | | | Date Filed (f) or Converted (c): | 12/27/10 (f) |
| | | | | 341(a) Meeting Date: | 02/07/11 |
| | | | | Claims Bar Date: | 03/29/13 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 27. Tyler Glen LLC (owns 20% interest) | Unknown | 0.00 | DA | 0.00 | FA |
| 28. Sotbranch LLC (19% interest) | 0.00 | 0.00 | DA | 0.00 | FA |
| 29. Money loaned or paid to various companies | 1,138,795.87 | 0.00 | DA | 0.00 | FA |
| 30. Agreement dated 5/4/09/Malcolm Kanute | 493,018.00 | 0.00 | DA | 0.00 | FA |
| 31. misc account recievables | 0.00 | 0.00 | DA | 0.00 | FA |
| 32. 1/6 interest in Thomas F. Lappin Trust | 0.00 | 0.00 | DA | 0.00 | FA |
| 33. interest in father's trust | 0.00 | 0.00 | DA | 0.00 | FA |
| 34. Claim vs. Steffens and Kline (Appraiser) | Unknown | 0.00 | DA | 0.00 | FA |
| 35. Series 7 license - to sell stocks and bonds | 0.00 | 0.00 | DA | 0.00 | FA |
| 36. 2004 Mercedes Benz S500 | 7,640.00 | 7,640.00 | | 2,000.00 | FA |
| 37. 2005 Jeep Grand Cherokee | 6,940.00 | 6,940.00 | | 2,040.00 | FA |
| 38. 2006 Range Rover Sport | 7,980.00 | 7,980.00 | | 1,000.00 | FA |
| 39. prerferential transfer - Terry Lappin (house) (u) | Unknown | 0.00 | | 0.00 | FA |
| 40. fraudulent transfer- Terry Lappin (UBS acct.) (u) | Unknown | 0.00 | | 11,223.50 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)   $2,625,297.87   $398,360.00   $16,529.50   $0.00

(Total Dollar Amount in Column 6)

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 06/15/13    Current Projected Date of Final Report (TFR): 03/15/14

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 1
Exhibit B

| Case No: | 10-56812 -RG | | Trustee Name: | JOSEPH R. VOILAND |
|---|---|---|---|---|
| Case Name: | LAPPIN, PETER J. | | Bank Name: | Congressional Bank |
| | | | Account Number / CD #: | *******9298  Checking Account |
| Taxpayer ID No: | *******0367 | | | |
| For Period Ending: | 01/25/14 | | Blanket Bond (per case limit): | $ 50,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 12/13/12 | * NOTE * | USBank | * NOTE *  Properties 8, 10, 36, 37, 38, 40 | 1241-000 | 16,529.50 | | 16,529.50 |
| 03/31/13 | | Congressional Bank | bank service fee | 2600-000 | | 15.85 | 16,513.65 |
| 05/31/13 | | Congressional Bank | bank service fee | 2600-000 | | 16.96 | 16,496.69 |
| 06/01/13 | | Congressional Bank | bank service fee (4/22/13) | 2600-000 | | 17.54 | 16,479.15 |
| 06/30/13 | | Congressional Bank | bank service fee | 2600-000 | | 17.50 | 16,461.65 |
| 07/31/13 | | CB | bank service fee | 2600-000 | | 16.91 | 16,444.74 |
| 08/31/13 | | CB | bank service fee | 2600-000 | | 17.46 | 16,427.28 |
| 09/30/13 | | cong bnk | bank service fee | 2600-000 | | 17.44 | 16,409.84 |
| 10/31/13 | | cb | bank service fee | 2600-000 | | 16.87 | 16,392.97 |
| 12/01/13 | | cb | bank service fee | 2600-000 | | 17.40 | 16,375.57 |
| 12/31/13 | | cb | bank service fee | 2600-000 | | 16.83 | 16,358.74 |

|  |  | | | |
|---|---|---|---|---|
| | COLUMN TOTALS | 16,529.50 | 170.76 | 16,358.74 |
| | Less:  Bank Transfers/CD's | 0.00 | 0.00 | |
| | Subtotal | 16,529.50 | 170.76 | |
| | Less:  Payments to Debtors | | 0.00 | |
| | Net | 16,529.50 | 170.76 | |

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | |
| Checking Account - *******9298 | 16,529.50 | 170.76 | 16,358.74 |
| | ----------------------- | ----------------------- | ----------------------- |
| | 16,529.50 | 170.76 | 16,358.74 |
| | ============== | ============== | ============== |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals       16,529.50       170.76

| Page 1 | | EXHIBIT A<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: February 11, 2014 |
|---|---|---|---|---|---|---|

Case Number:  10-56812  
Debtor Name:  LAPPIN, PETER J.

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001<br>3120-00 | JOSEPH R. VOILAND<br>1625 Wing Road<br>Yorkville, IL  60560 | Administrative | | $56.72 | $0.00 | $56.72 |
| 001<br>3110-00 | JOSEPH R. VOILAND<br>1625 Wing Road<br>Yorkville, IL  60560 | Administrative | | $1,402.50 | $0.00 | $1,402.50 |
| 001<br>2700-00 | Clerk of the U.S. Bankruptcy Court<br>219 S. Dearborn<br>Chicago, IL  60604 | Administrative | | $543.00 | $0.00 | $543.00 |
| 000001<br>070<br>7100-00 | UBS Financial Services Inc.<br>c/o Michael D. Lee<br>One Prudential Plaza, Suite 3800<br>130 East Randolph Street<br>Chicago, IL 60601 | Unsecured | | $675,521.50 | $0.00 | $675,521.50 |
| 000002<br>070<br>7100-00 | Bridgeview Bank Group<br>4753 N Broadway<br>Chicago, IL 60640 | Unsecured | | $1,334,247.60 | $0.00 | $1,334,247.60 |
| 000003<br>070<br>7100-00 | Algonquin State Bank, NA<br>c/o John Zummo, Esq<br>Vedder Price PC<br>222 North LaSalle Street Suite 2600<br>Chicago,IL 60601 | Unsecured | | $3,734,487.10 | $0.00 | $3,734,487.10 |
| 000004<br>070<br>7100-00 | Inland Bank and Trust,successor interest<br>FDIC,as receiver of First Choice Bank<br>William S. Hackney,SmithAmundsen LLC<br>150 North Michigan Avenue<br>Suite 3300<br>Chicago, Illinois 60601 | Unsecured | | $85,499.14 | $0.00 | $85,499.14 |
| 000005<br>070<br>7100-00 | Old Second National Bank<br>Attn Lawrence W Lobb<br>Drendel & Jansons Law Group<br>111 Flinn St<br>Batavia, IL 60510 | Unsecured | | $305,426.57 | $0.00 | $305,426.57 |
| 000008<br>070<br>7100-00 | Apex CPA's and Consultants, Inc<br>c/o Martin Tasch<br>903 Commerce Drive Ste 160<br>Oak Brook, IL 60523 | Unsecured | | $12,597.76 | $0.00 | $12,597.76 |
| 000009<br>070<br>7100-00 | The Private Bank and Trust Company<br>Martin Tasch<br>903 Commerce Drive Ste 160<br>Oak Brook, IL 60523 | Unsecured | | $454,204.64 | $0.00 | $454,204.64 |

| Page 2 | | EXHIBIT A<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: February 11, 2014 |
|---|---|---|---|---|---|---|

Case Number: 10-56812  
Debtor Name: LAPPIN, PETER J.

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 000010<br>070<br>7100-00 | Estate of Thomas & Catherine Lappin, Debtors<br>C/O Elizabeth C. Berg, Trustee<br>19 S. LaSalle Street, Suite 1500<br>Chicago, IL 60603 | Unsecured | | $125,000.00 | $0.00 | $125,000.00 |
| 000011<br>070<br>7100-00 | The Private Bank and Trust Company<br>Martin Tasch<br>903 Commerce Drive Ste 160<br>Oak Brook, IL 60523 | Unsecured | | $246,920.49 | $0.00 | $246,920.49 |
| 000006<br>050<br>4110-00 | American Midwest Bank<br>fka The American Natl Bank Dekalb Cnty<br>Attn Katharine Peterson<br>1985 Dekalb Ave<br>Sycamore, IL 60178 | Secured | | $0.00 | $0.00 | $0.00 |
| 000007<br>050<br>4110-00 | American Midwest Bank<br>fka The American Natl Bank Dekalb Cnty<br>Attn Katharine Peterson<br>1985 Dekalb Ave<br>Sycamore, IL 60178 | Secured | | $0.00 | $0.00 | $0.00 |
| | Case Totals: | | | $6,975,907.02 | $0.00 | $6,975,907.02 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 10-56812
Case Name: LAPPIN, PETER J.
Trustee Name: JOSEPH R. VOILAND

Balance on hand                                                              $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000006 | American Midwest Bank | $ | $ | $ | $ |
| 000007 | American Midwest Bank | $ | $ | $ | $ |

Total to be paid to secured creditors                     $_____

Remaining Balance                                         $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: JOSEPH R. VOILAND | $ | $ | $ |
| Attorney for Trustee Fees: JOSEPH R. VOILAND | $ | $ | $ |
| Attorney for Trustee Expenses: JOSEPH R. VOILAND | $ | $ | $ |
| Charges: Clerk of the U.S. Bankruptcy Court | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses    $_____

Remaining Balance                                         $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $     must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | UBS Financial Services Inc. | $ | $ | $ |
| 000002 | Bridgeview Bank Group | $ | $ | $ |
| 000003 | Algonquin State Bank, NA | $ | $ | $ |
| 000004 | Inland Bank and Trust,successor interest | $ | $ | $ |
| 000005 | Old Second National Bank | $ | $ | $ |
| 000008 | Apex CPA's and Consultants, Inc | $ | $ | $ |
| 000009 | The Private Bank and Trust Company | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000010 | Estate of Thomas & Catherine Lappin, Debtors | $ | $ | $ |
| 000011 | The Private Bank and Trust Company | $ | $ | $ |

Total to be paid to timely general unsecured creditors     $_____

Remaining Balance     $_____

Tardily filed claims of general (unsecured) creditors totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be     percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be     percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE